UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEFFERY MORVANT | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| JUMBO JAVELIN N.V. and GARD A.S. | * | SECTION: |
| | * | MAGISTRATE: |
| *   *   *   *   *   *   * | | IN ADMIRALTY/RULE 9(H) |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes JEFFERY MORVANT, a person of full age of majority and a resident of the State of Louisiana, Parish of Lafourche, and for his Complaint, he respectfully avers as follows:

**1.**

### JURISDICTION

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1333, and these claims are designated as claims in admiralty pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

**2.**

Made defendants herein are:

1. JUMBO JAVELIN, N.V., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the owner and/or operator of the M/V JUMBO JAVELIN.

2. GARD A.S.., on information and belief, is a foreign corporation located in Arendal, Norway and, at all times pertinent hereto, the insurer of the defendant, JUMBO JAVELIN, N.V.

and the M/V JUMBO JAVELIN, and is made a defendant herein pursuant to the Louisiana Direct Action statute.

## FIRST CAUSE OF ACTION

3.

JEFFERY MORVANT was at all times mentioned herein an employee of a third party, Performance Energy Services, working in the interests of the defendants and/or their vessel, the M/V JUMBO JAVELIN, and the defendants herein are liable unto him pursuant to 33 U.S.C. § 905(b), and pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution and hereby designates this claim as one in admiralty and maritime, for the following reasons:

4.

On or about August 28, 2013, Performance Energy Services. On that date, the plaintiff was performing his assigned duties aboard the M/V JUMBO JAVELIN, a vessel owned, operated and/or insured by the defendants, which vessel was in the navigable waters of the United States and within the jurisdiction of this Court. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or the the vessel, plaintiff was caused to sustain severe and disabling injuries when "chocks" on the vessel failed to function properly.

5.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their

employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner, including a safe means of ingress and egress to the M/V JUMBO JAVELIN;

6. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

7. Other acts of negligence and/or actions and/or inactions and conditions to be proven at the trial of this case.

6.

Solely by reason of the negligence of the defendants and the vessel, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to the following possible ruptured disks and nerve damage, as well as possible injuries to his bones, muscles and joints, organs and tissues among other component parts of his head, back, ribs, legs, feet, and hands.  As a result thereof, plaintiff has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

7.

As a result of the aforesaid negligence and breach of duties on the part of the defendants

and vessel herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, together with legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

**WHEREFORE**, JEFFERY MORVANT prays that his Complaint be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein, there judgment in favor of the plaintiff, JEFFERY MORVANT, and against the defendants, JUMBO JAVELIN, N.V. and GARD A.S., in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorney's fees, and all costs, and for any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:

_____s/ David C. Whitmore_____
LAWRENCE BLAKE JONES  (7495)
DAVID C. WHITMORE      (17864)
SCHEUERMANN & JONES, LLC
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380